United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EDUCATIONAL CREDIT MANAGEMENT CORPORATION,

    Plaintiff,

  v.

THE FRONT PORCH TELEMARKETING a/k/a THE FRONT PORCH INC.,

    Defendant.

No. C 04-05391 WHA

**ORDER GRANTING DEFAULT JUDGMENT**

### INTRODUCTION

Plaintiff Educational Credit Management Corporation ("ECMC") moves for default judgment against defendant The Front Porch Telemarketing ("Front Porch"). Front Porch has never appeared in this action and did not appear at the hearing on this motion. Review of the *Eitel* factors favors entry of default judgment. Accordingly, plaintiff's application is **GRANTED**.

### STATEMENT

Plaintiff ECMC is a guaranty agency covered under the Federal Family Education Loan Program ("FFELP"), a federal-government program designed to encourage private lenders to finance students' post-secondary education (First Amd. Compl. ¶¶ 5,8). *See* 20 U.S.C. 1071(a)(1)(A). Such guaranty agencies assist implementation of FFELP by paying loans made by eligible lenders and paying the holders of the loan if a student defaults (First Amd. Compl. ¶ 6). As a means of collecting defaulted loans, guaranty agencies have the authority to issue withholding orders to employers of borrowers in default. 20 U.S.C. 1095a. These orders may

require the employers to garnish and remit up to ten percent of the borrowers' disposable income, except as otherwise limited by federal law. *Ibid.*; 15 U.S.C. 1673.

Karl W. Redmon owes student-loan debt to ECMC that is in default (First Amd. Compl. ¶ 9). Mr. Redmon's debt consists of three separate loans, with the balance of the debt at $11,624.55 as of October 23, 2005 and a daily-interest accrual of $1.25 (Gunderman Decl. ¶ 9). ECMC issued a notice to Mr. Redmon of default and he made no request for a hearing as permitted by statute (First Amd. Compl. at ¶¶ 10–11). On June 29, 2004, ECMC issued a withholding order to Mr. Redmon's employer, Front Porch, requesting that ECMC garnish Mr. Redmon's wages to the full amount permitted by statute (Gunderman Decl. at ¶ 6 & Exh. B). ECMC issued a subsequent notice to Front Porch after it failed to comply with the order (*id.* at ¶ 7 & Exh. C). Front Porch has yet to remit any of Mr. Redmon's wages in accordance with the order (*id.* at ¶ 8; First Amd. Compl at ¶ 13).

On June 28, 2005, ECMC filed an amended complaint against Front Porch demanding injunctive relief for it's failure to comply with the withholding order in violation of 20 U.S.C. 1095a and damages in the amount that defendant should have withheld from Mr. Redmon's wages. ECMC served the summons and first amended complaint on Front Porch on July 25, 2005 (Hiser Decl. ¶ 3). After Front Porch failed to respond, ECMC sought an entry of default. The Clerk entered default on September 28, 2005 (*id.* at ¶ 4). ECMC now moves for default judgment, seeking relief for Front Porch's alleged violation of 20 U.S.C. 1095a.

**ANALYSIS**

Under Federal Rule of Civil Procedure 55(b)(2), a party can apply to the court for entry of judgment by default. "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The following factors are considered:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

1 *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). For the following reasons, these
2 factors favor entry of default judgment in this case.

### 1. MERITS OF SUBSTANTIVE CLAIMS AND SUFFICIENCY OF THE COMPLAINT.

After entry of default, well-pleaded factual allegations in the complaint are taken as true, except as to the amount of damages. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). The merits of plaintiff's substantive claims and the sufficiency of the complaint are thus considered in tandem.

Plaintiff seeks relief under 20 U.S.C. 1095a, which provides that guaranty agencies may garnish up to ten percent of the earnings from a borrower who has defaulted on a student loan, except as reduced by 15 U.S.C. 1673. Guaranty agencies garnish the wages by issuance of a withholding order to the borrower's employer. 20 U.S.C. 1095a. When an employer fails to pay the guaranty agency as directed in the withholding order, the guaranty agency may seek relief in federal court. 20 U.S.C. 1095a(a)(6).

Plaintiff's allegations of liability are sufficient. Front Porch is alleged to have "refused to comply with the Withholding Order" (First Amd. Compl. ¶ 13). No Ninth Circuit authority exists interpreting the garnishment provisions. The statute, however, makes clear that compliance or non-compliance with a withholding order is the sole question with respect to an employer's liability under 20 U.S.C. 1095a(a)(6). *See, e.g.*, *Educ. Credit Management Corp. v. Cherish Prods., Inc.*, 247 F. Supp. 2d 1132, 1134 (D. Minn. 2003) (finding the defendant "liable because it was obligated to withhold wages . . . and failed to do so"). No defenses are available under the statute for an employer that fails to so comply. 20 U.S.C. 1095a(a)(6); *see also Educ. Credit Management Corp. v. Cherish Prods., Inc.*, 312 F. Supp. 2d 1183, 1186 (D. Minn. 2004) (holding that only defense provided in statute extends to defaulting borrower, not the borrower's employer). Plaintiff, therefore, has stated a claim under the statute. This weighs in favor of default judgment.

### 2. THE REMAINING *EITEL* FACTORS.

This order finds that the remaining *Eitel* factors likewise favor entry of default judgment. To deny plaintiff's application would leave plaintiff without a remedy. Morever,

3

defendant has refused to litigate this action here after being properly served with the complaint and summons.  Since Front Porch never filed an answer to the complaint or appeared at the hearing, it is unclear whether there is a possibility of dispute concerning the material facts. There is no evidence that Front Porch's failure to respond was the result of excusable neglect. Although federal policy may favor a decision on the merits, FRCP 55(b) permits entry of default judgment in situations, such as this, where the defendant has refused to litigate.  On balance, the Court concludes that the *Eitel* factors weigh in favor of default judgment.

   3.   **DETERMINATION OF DAMAGES, INJUNCTIVE RELIEF, FEES AND COSTS.**

Plaintiff seeks damages in the amount of $11,624.55 plus $1.25 interest per day from October 24, 2005.  As an alternative to a money judgement, plaintiff seeks an injunction requiring defendant to withhold and remit ten percent of Mr. Redmon's disposable earnings, or the lesser amount required by 15 U.S.C. 1673, until his loan debt is paid in full or he terminates his employment with defendant.  Plaintiff also seeks punitive damages, attorney's fees and costs.

The statute at issue provides the following remedies to a guaranty agency for an employer's failure to comply with a withholding order:

> any amount that such employer fails to withhold from wages due an employee following receipt of such employer of notice of the withholding order, plus attorneys' fees, costs, and, in the court's discretion, punitive damages.

20 U.S.C. 1095a(a)(6).  Plaintiff's request for $11,624.55 plus interest represents the entirety of Mr. Redmon's debt.  The statute, however, only provides that the guaranty agency may recover the amount an employer "fails to withhold from wages." *Ibid*.

Plaintiff has not indicated the amount Front Porch failed to withhold from Mr. Redmon's wages.  Instead, plaintiff argues that such a showing is impossible because of defendant's failure to participate in this litigation.  Plaintiff cites two trademark decisions for the proposition that relaxed standards of proof as to damages will suffice where defendant does not participate in court proceedings.  *See Taylor Made Golf Co. v. Carsten Sports, Ltd.*, 175 F.R.D. 658, 663 (S.D. Cal. 1997); *Allergan, Inc. v. Mira Life Group, Inc.*, SACV 04-36 JVS, 2004 U.S. Dist. LEXIS 26881 at **9–10 (C.D. Cal. June 9, 2004).  As against such defaulting

4

1  defendants, the *Taylor Made* opinion advises that a court "may grant a damages award that is
2  reasonable, even if imprecise." 175 F.R.D. at 663; *accord Allergan*, 2004 U.S. Dist. LEXIS
3  26881 at *10. Following this logic, the court granted the plaintiff's request for default judgment
4  and damages, finding the plaintiff's request "conservative" and not "unreasonable under the
5  circumstances." *Taylor Made*, 175 F.R.D. at 663.

6      A significant difference exists between the Lanham Act, governing trademark
7  infringement, and 20 U.S.C. 1095a, which prevents this Court from following *Taylor Made*.
8  "Trial courts have broad equitable discretion in determining proper compensation to holders of
9  valid trademarks." *Id*. at 661. As noted, no Ninth Circuit authority exists interpreting the
10 garnishment provisions at hand. Yet from the face of 20 U.S.C. 1095a, Congress restricts
11 damages against non-compliant employers to the amount such an employer actually failed to
12 withhold. The statute does not support ECMC's requests to burden the employer with the
13 entirety of the debt. 20 U.S.C. 1095a(a)(6). Indeed, the statute indicates that "an employer
14 shall not be required to vary the normal pay and disbursement cycles in order to comply." *Ibid*.
15 Such language indicates an intent by Congress to encourage employers to comply, not to saddle
16 the employers with their employees' debts. Plaintiff, therefore, needed to make a showing as to
17 the actual wages Front Porch failed to remit. Plaintiff has not done so.[*]

18     The Court, however, finds injunctive relief appropriate. "The requirements for the
19 issuance of a permanent injunction are the likelihood of substantial and immediate irreparable
20 injury and the inadequacy of remedies at law." *Easyriders Freedom F.I.G.H.T. v. Hannigan*, 92
21 F.3d 1486, 1495 (9th Cir. 1996)(internal citations omitted). The Court agrees with plaintiff that
22 it lacks an adequate remedy at law, under the statute, to prevent the multiplicity of lawsuits that
23 defendant's ongoing violation of 20 U.S.C. 1095a entails. Moreover, such recalcitrance on the
24 part of employers like Front Porch erodes the usefulness of guaranty agencies. This behavior

---

[*] As an alternative grounds for this holding, the Court notes that plaintiff's current demand for the entirety of the debt exceeds the amount requested in plaintiff's first amended complaint. In the complaint, plaintiff only sought damages in the amount that defendant should have withheld from Borrower's wages. On default judgment, courts may not award relief in excess of the prayer contained in the complaint. *See* Fed. R. Civ. Proc. 54(c).

5

1    could undermine a statutory scheme aimed at improving students' lives. Plaintiff, thus, meets
2    both factors for injunctive relief.

3        The statute at hand provides courts with the discretion to award punitive damages. 20
4    U.S.C. 1095a(a)(6). Plaintiff's complaint does not merit such an award. The only opinion
5    analyzing the statute's punitive-damages provision persuasively concluded that "the degree of
6    reprehensibility of the defendant" is the most important factor to assessing punitive damages.
7    *Educ. Credit*, 312 F. Supp. 2d at 1186 (denying punitive damages). To evaluate the
8    reprehensibility of a defendant's conduct, courts in this Circuit consider the following factors:

> the harm caused was physical as opposed to economic; the tortious conduct evinced an indifference to or a reckless disregard of the health or safety of others; the target of the conduct had financial vulnerability; the conduct involved repeated actions or was an isolated incident; and the harm was the result of intentional malice, trickery, or deceit, or mere accident.

12   *Bains LLC v. Arco Prods. Co., Div. of Atl. Richfield Co.*, 405 F.3d 764, 775 (9th Cir. 2005)
13   (internal citation omitted). Plaintiff has not shown that defendant's conduct is so reprehensible.
14   Plaintiff's request for punitive damages, therefore, is denied.

15       The Court finds that plaintiff's requests for $5,695 in attorney's fees and $205 in costs
16   are reasonable. 20 U.S.C. 1095a(a)(6) authorizes attorney's fees for guaranty agencies
17   enforcing withholding orders. Fee awards in this Circuit are reasonable if "based on market
18   rates for the services rendered." *Bell v. Clackamas County*, 341 F.3d 858, 868 (9th Cir. 2003).
19   Ms. Hiser's rate of $225 per hour is consistent with the rate for other attorneys of her
20   experience in this legal market (Hiser Decl. ¶ 6 & Exhs. B–D). Similarly, 20 U.S.C.
21   1095a(a)(6) authorizes a guaranty agency to recover costs for this type of enforcement action.
22   To determine whether taxation of costs is appropriate, courts "must look at the practical and
23   reasonable needs of the party in the context of the litigation." *In re Media Vision Tech. Sec.
24   Litig.*, 913 F. Supp. 1362, 1366 (N.D. Cal. 1996). Plaintiff's request for recovery of the costs of
25   filing and serving the complaint in this action meet this test (Hiser Decl. ¶ 6).

## CONCLUSION

27   For good cause shown, this order **GRANTS** plaintiff's motion for default judgment.
28   Defendant Front Porch shall comply with the following:

6

      (1) withhold and remit to plaintiff ten percent of Mr. Redmon's disposable earnings, or the amount required by 15 U.S.C. 1673, if less, until his loan debt is paid in full or he terminates his employment with defendant;

      (2) pay plaintiff attorney's fees in the amount of $5,695; and

      (3) pay plaintiff costs in the amount of $205.

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

Dated: December 8, 2005

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE