IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUCATIONAL CREDIT MANAGEMENT CORPORATION,<br><br>    Plaintiff,<br><br>  v.<br><br>THE FRONT PORCH TELEMARKETING a/k/a THE FRONT PORCH INC.,<br><br>    Defendant.<br>                                            / | No. C 04-05391 WHA<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO AMEND JUDGMENT AND VACATING HEARING** |

### INTRODUCTION

In this wage-garnishment action under the Federal Family Education Loan Program ("FFELP"), plaintiff Educational Credit Management Corporation ("ECMC") secured default judgment in its favor against defendant The Front Porch Telemarketing. Plaintiff now moves pursuant to FRCP 59 and 60 to amend that judgment to include an award of monetary damages for the entire amount of the student-loan debt of Karl W. Redmon, an employee of Front Porch. Plaintiff has not demonstrated any ground under FRCP 60(b) warranting amendment of the judgment. Plaintiff's motion, therefore, is **DENIED**.

### STATEMENT

The facts underlying this litigation are discussed in more detail in the order dated December 8, 2005, granting default judgment. In brief, plaintiff ECMC is a guaranty agency

covered under the FFELP. *See* 20 U.S.C. 1071(a)(1)(A). As a means of collecting defaulted student loans, guaranty agencies have the authority to issue withholding orders to employers of borrowers in default. 20 U.S.C. 1095a. These orders may require the employers to garnish and remit up to ten percent of the borrowers' disposable income, except as otherwise limited by federal law. *Ibid.*; 15 U.S.C. 1673. Redmon owes student-loan debt to ECMC that is in default. The balance of Redmon's debt was $11,624.55 as of October 23, 2005, with a daily-interest accrual of $1.25. Front Porch has yet to remit any of Redmon's wages in compliance with a withholding order sent to it by ECMC.

On June 28, 2005, ECMC filed an amended complaint against Front Porch demanding injunctive relief for its failure to comply with the withholding order in violation of 20 U.S.C. 1095a and damages in the amount that defendant should have withheld from Mr. Redmon's wages. ECMC served the summons and first amended complaint on Front Porch on July 25, 2005. After Front Porch failed to respond, ECMC sought and received entry of default by the Clerk of the Court. ECMC then moved for default judgment, seeking relief for Front Porch's alleged violation of 20 U.S.C. 1095a.

In that motion, plaintiff sought damages equaling the full amount of Redmon's loan debt. In the alternative, plaintiff sought injunctive relief against Front Porch requiring it to comply with ECMC's withholding order. Plaintiff also sought attorney's fees, costs and punitive damages. On December 8, 2005, after reviewing plaintiff's moving papers and conducting oral argument, the Court granted plaintiff's motion and awarded plaintiff injunctive relief, fees and costs but denied any monetary award. The December order found that the FFELP did not provide authority for a court to impose damages against an employer for the full amount of the student debt. Judgment was entered consistent with that ruling. Plaintiff now moves to amend the judgment to include an award of monetary damages to the full extent of Redmon's loan debt.

**ANALYSIS**

FRCP 60(b)(1) provides that a court may relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." FRCP 60(b)(6) allows such relief for

2

"any other reason justifying relief from the operation of the judgment." This latter catch-all provision "has been used sparingly as an equitable remedy to prevent manifest injustice." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993). "[A]ttorney error is insufficient grounds for relief under both Rule 60(b)(1) and (6)." *Allmerica Fin. Life Ins. and Annuity Co. v. Llewellyn*, 139 F.3d 664, 666 (9th Cir. 1997).

*First*, plaintiff argues that "[b]ecause the court did not require oral argument, but merely indicated its intention to grant the motion, counsel did not realize that the moving papers had stated the request in the alternative" (Br. 2). Plaintiff's description of the oral argument is not entirely accurate. The Court held a hearing on December 8, 2005, at which plaintiff's counsel was present. The Court did indicate its intention to grant plaintiff's motion. Yet the Court also offered the floor to plaintiff's counsel to make any points counsel wished. Plaintiff's counsel made none. Basically, plaintiff's counsel wishes to undo the mistake of including the alternative request for injunctive relief in its moving papers. According to plaintiff's counsel, this was mere inadvertence. Standing alone, such a purported error by counsel is not sufficient to warrant relief under FRCP 60(b). *Allmerica*, 139 F.3d at 666.

*Second*, plaintiff also suggests that the December order erred in its application of the law in denying its request for damages in the amount of Redmon's full debt. Plaintiff's arguments ignore the primary basis of the December order. As noted above, that order found that the FFELP did not provide courts with the authority to burden employers with the full amount of a loan debt (December Order at 5):

> Yet from the face of 20 U.S.C. 1095a, Congress restricts damages against non-compliant employers to the amount such an employer actually failed to withhold. The statute does not support ECMC's requests to burden the employer with the entirety of the debt. 20 U.S.C. 1095a(a)(6). Indeed, the statute indicates that "an employer shall not be required to vary the normal pay and disbursement cycles in order to comply." *Ibid*. Such language indicates an intent by Congress to encourage employers to comply, not to saddle the employers with their employees' debts.

Put simply, no authority exists to grant plaintiff the damages it seeks. Plaintiff makes entirely tangential arguments which fail to question the accuracy of this legal conclusion.

3

**CONCLUSION**

For the foregoing reasons, plaintiff's motion to amend the judgment is **DENIED**. Finding further argument unnecessary, the hearing on this motion is **VACATED**.

**IT IS SO ORDERED.**

Dated: January 24, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE